UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| In Re:  Mary Fuller | ) ) ) ) ) ) | No. 2:13-mc-140-JHR (No. CV-12-975-PHX-SMM, U.S.D.C. District of Arizona) |

### MEMORANDUM DECISION ON MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM

Paul Revere Life Insurance Company and Unum Group (the "corporate defendants"), defendants in an underlying disability claim action, served Mary Fuller, an expert witness identified by the plaintiff in that action, with a subpoena duces tecum on June 11, 2013.  Motion to Compel Compliance with Subpoena Duces Tecum ("Motion") (ECF No. 1) at 1.  They brought this motion to compel her to respond to the subpoena on July 3, 2013.  The underlying action is pending in Arizona; Fuller resides in Maine.  I deny the motion.

Fuller contends that the corporate defendants' subpoena "constitutes an improper attempt to use a Rule 45 subpoena to exceed the scope of permissible discovery as limited by F.R.Civ.P. 26(b)(4)" and that it subjects her to undue burden.  Opposition to Motion to Compel and Cross-Motion to Quash Subpoena Duces Tecum Issued to Mary Fuller by Defendant The Paul Revere Life Insurance Company ("Opposition") (ECF No. 5) at 1.

The subpoena directs Fuller to produce

> A.  All billing records, time sheets, invoices, notes, fee agreements, or other documentation of the time you have spent relating to Unum claims since 2001 where you were not disclosed as an expert witness.  This includes all electronic records.
> B.  All billing records, time sheets, invoices, notes, fee agreements, or other documentation of the time you have spent relating to Unum claims

1

> since 2001 where you were disclosed as an expert witness. This includes all electronic records.
> C. All billing records, time sheets, invoices, notes, fee agreements, or other documentation of the time you have spent relating to Unum claims since 2001 in which you concluded that Unum acted reasonably and/or in good faith. This includes all electronic records.
> D. All billing records, time sheets, invoices, notes, fee agreements, or other documentation of the time you have spent relating to Unum claims since 2001 in which you concluded that Unum acted unreasonably and/or in bad faith. This includes all electronic records.
> E. All expert witness reports prepared by you relating to Unum claims since 2001 in which you concluded that Unum acted reasonably and/or in good faith.
> F. All expert witness reports prepared by you relating to any disability insurance carrier since 2001 in which you concluded that the insurance company acted reasonably and/or in good faith.

ECF No. 1-1 at [7]-[8] (numbered 6-7 in original). The subpoena defines "Unum" as

> Unum Group and all of its current and former subsidiaries, affiliates, and related companies; including but not limited to The Paul Revere Life Insurance Company, Provident Life and Accident Insurance Company, Unum Life Insurance Company of America, and Colonial Life and Accident Insurance Company; and including all agents, employees, representatives, and other persons acting for, or on behalf of[,] these entities or subject to their control.

*Id*. at [7].

The subpoena sought production of these documents after Fuller testified at a deposition conducted by the defendants' attorney. *Compare* ECF No. 1-1 at 2 (subpoena, original numbered page 1) (requesting production on June 26, 2013) *with* ECF No. 1-3 at 2 (deposition transcript, original numbered page 1) (June 20, 2013). There are no documents responsive to paragraphs E and F of this list, Opposition at 2 n.1, and, thus, I will not consider those last two paragraphs further.

Federal Rule of Civil Procedure 26 requires that an expert witness who may testify at trial must prepare a written report that must contain, *inter alia*, "the witness's qualifications, including a list of all publications authored in the previous 10 years," "a list of all other cases in

which, during the previous 4 years, the witness testified as an expert at trial or by deposition," and "a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B).

The defendants contend that none of the circumstances specified under Federal Rule of Civil Procedure 45(c) to justify non-enforcement of a subpoena is present in this case.  Motion at 5-9.  Fuller responds that Rule 45 is not applicable, and, in the alternative, that Rule 45's exception for imposition of an undue burden applies here.  Opposition at 1.  I find her first argument persuasive, making it unnecessary to consider the second.

The Rules Committee's comment to the 1991 amendment of Rule 45 states clearly that the rule "does not apply to the expert retained by a party, whose information is subject to the provisions of Rule 26(b)(4)."  The first and most cited opinion dealing with the precise issue presented by the motion to compel currently before this court is *Marsh v. Jackson*, 141 F.R.D. 431 (W.D. Va. 1992), in which the court quashed two Rule 45 subpoenas served on an opponent's expert witnesses.  *Id*. at 433.  Subsequent opinions have held that a party cannot use Rule 45 to bypass Rule 26(b)(4) in order to obtain an expert's files, *e.g., Hartford Fire Ins. Co. v. Pure Air on the Lake Ltd.*, 154 F.R.D. 202, 208 (N.D. Ind. 1993);  *Greer v. Anglemeyer*, No. 3:93-CV-649RP, 1996 WL 56557, at *2 (N.D. Ind. Jan. 5, 1996);  *Perry v. United States*, No. CA3:96-CV-2038-T, 1997 WL 53136, at *1 (N.D. Tex. Feb. 4, 1997).

As Magistrate Judge Howell observed in *Newcomb v. Principal Mut. Life Ins. Co.*, No. 1:07cv345, 2008 WL 3539520 (W.D.N.C. Aug. 11, 2008), in quashing a subpoena *duces tecum* served on the plaintiff's testifying expert:

> In the realm of experts retained to testify privileges quickly evaporate leaving the party who has retained the expert with little to no ability to either review the documents subpoenaed or object to their production. By reading Rule 26(b)(4)(A) as limiting the available methods for

>   securing further discovery materials *from the expert* who has provided his report, the court in *Marsh* first gives meaning to Rule 26(b)(4)(A), second, does not impair defendant's ability to attempt to secure *from the plaintiff* the same material through a document request, and third provides the party who retained the expert with the ability to interpose whatever objection they may have to production of documents which they clearly have, if not a privilege, a proprietary interest.

*Id*. at *2 (emphasis in original).

My refusal to order the production of the documents sought in the subpoena is reinforced by the fact that the trial judge in the underlying case in the District of Arizona has refused a very similar request by the defendants with respect to another expert witness.  Reporter's Transcript of Proceedings: Telephonic Discovery Dispute Hearing, *Lalani v. Paul Revere Life Ins. Co*., CV-12-0975-PHX-SMM (ECF No. 5-2) at 16-26.  It would not be appropriate for this court, in Maine, to issue a contrary ruling simply because Fuller happens to be in Maine.

The motion to compel compliance with the subpoena is **DENIED.**  As a practical matter, this ruling renders **MOOT** Fuller's motion to quash the subpoena (ECF No. 5), making **MOOT** as well the defendants' motion to strike her motion to quash (ECF No. 7).

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 18th day of September, 2013.

>   /s/  John H. Rich III
>   John H. Rich III
>   United States Magistrate Judge