UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MARY FULLER, | ) |
| | ) |
|       Respondent | ) |
| | ) |
| v. | )    Civil No. 2:13-mc-140-DBH |
| | ) |
| UNUM GROUP, | ) |
| | ) |
|       Movant | ) |

**PROCEDURAL ORDER**

After taking the deposition of the plaintiff's expert in connection with a lawsuit pending in the District of Arizona, the defendant seeks records from the expert—by means of a subpoena issued in the District of Maine (the expert's location) under Fed. R. Civ. P. 45—concerning other cases in which the expert has testified. The expert has objected.

The parties to this dispute disagree over whether the Magistrate Judge has accurately characterized the law concerning the relationship between Fed. R. Civ. P. 26(b)(4) and Rule 45. But it appears that, effective December 1 (if Congress does not act), Rule 45 will allow the court where the litigation is pending (here, the District of Arizona) to issue its own subpoenas for such matters outside its jurisdiction. Moreover, if there are compliance issues, the amended Rule 45 will allow the compliance court (here, the District of Maine) to transfer the dispute to the issuing court (the District of Arizona) if the person subject to the subpoena consents. Here, the expert, the person subject to the

subpoena, has argued that the District of Arizona should control the discovery dispute. Fuller's Response to UNUM's Objection to Memorandum Decision at 2 (ECF No. 12). Currently Rule 26(c)(1) allows "any person from whom discovery is sought" to "move for a protective order in the court where the action is pending." That court is the District of Arizona.

The District of Maine has no involvement in the underlying dispute here, and the federal judge or magistrate judge in Arizona is in charge of discovery and determining what will be useful in the preparation of this case for trial, including the matter of experts. Although the First Circuit has not spoken on the issue, some courts allow a transfer of the discovery dispute under such circumstances under the current version of Rules 45 and 26. United States v. Star Scientific, Inc., 205 F. Supp. 2d 482, 485-86 (D. Md. 2002) (noting courts are divided on the issue and comparing decisions supporting transfers, In re Digital Equip. Corp., 949 F.2d 228, 231 (8th Cir. 1991); Petersen v. Douglas Cnty. Bank & Trust Co., 940 F.2d 1389, 1391 (10th Cir. 1991); In re Armstrong, 1997 WL 739616, at *1 n.1 (Bankr. E.D. Ark. 1997); Pactel Pers. Commc'ns v. JMB Realty Corp., 133 F.R.D. 137, 138 (E.D. Mo. 1990), with courts that have found transfer of discovery disputes inappropriate, In re Sealed Case, 141 F.3d 337, 342 (D.C. Cir. 1998); In re Orthopedic Bone Screw Prod. Liab. Litig., 79 F.3d 46, 48 (7th Cir. 1996); Central States, Southeast & Southwest Areas Pension Fund v. Quickie Transport Co., 174 F.R.D. 50, 52 n. 1 (E.D. Pa. 1997)).

Accordingly, the Clerk's Office shall schedule oral argument where counsel shall address whether, in light of all these factors and others, it is most

appropriate for this court to defer to the District of Arizona either by staying ruling while the expert files a motion for protective order there, or by transfer, or by some other means.

**SO ORDERED.**

**DATED THIS 16TH DAY OF OCTOBER, 2013**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**