# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| MARY FULLER, | ) | |
| | ) | |
| RESPONDENT | ) | |
| | ) | |
| v. | ) | CIVIL NO. 2:13-MC-140-DBH |
| | ) | |
| UNUM GROUP, | ) | |
| | ) | |
| MOVANT | ) | |

## ORDER ON APPEAL OF MAGISTRATE JUDGE'S MEMORANDUM DECISION AND ORDER ON MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM

The pending motions (motion to compel, motion to quash, and motion to strike) confront the tension between Rules 26 and 45 when a party uses a Rule 45 subpoena duces tecum to seek document discovery from an opposing party's testimonial expert where that expert is located in a different District than the forum where the underlying lawsuit is proceeding.  It also exemplifies the uncomfortable role for the Rule 45 compliance court when a different court is in charge of discovery, scheduling, and the rest of the underlying lawsuit.

I decline to adopt the Magistrate Judge's narrow interpretation of the scope of Fed. R. Civ. P. 45 (the subpoena rule).[1]  Because Rule 45 will change substantially on December 1, 2013, for cases like this (unless Congress acts

---

[1] In particular, an interpretation of the Advisory Committee comment to the 1991 revision of Rule 45.

before then to prevent it),[2] however, little would be gained by lengthy
exposition.  I reach the same outcome as the Magistrate Judge, declining to
enforce the subpoena, but I do so on the basis that compliance imposes an
undue burden.  See Fed. R. Civ. P. 45(c)(3)(A)(iv).

## PROCEDURAL BACKGROUND

Paul Revere Life Insurance Company and Unum Group (hereafter
collectively "Unum") obtained a subpoena duces tecum from this court on
June 10, 2013.  It was directed to Mary Fuller, a Maine resident who has been
named as a testifying expert for the plaintiff in a lawsuit pending against Unum
in the District of Arizona.  Lalani v. Paul Revere Life Ins. Co., No. CV-12-975-
PHX-SMM (D. Ariz.).  The plaintiff in that lawsuit alleges "breach of contract
and insurance bad faith after her claim for disability insurance was
terminated."  Mot. to Compel at 1 (ECF No. 1).  Fuller has previously been hired
in about 360 cases and has testified on insurance bad faith in over 70 cases,
all in favor of a plaintiff and against the insurer.  Id. at 2; Opp'n to Mot. to
Compel and Mot. to Quash at 2 (ECF No. 5); Aff. of Mary Fuller ¶¶ 21, 23-14
(ECF No. 5-1).  Unum says that it was a defendant in over 40 of those cases.
UNUM's Objection to the Magistrate Judge's September 18, 2013 Order at 2
(ECF No. 11).

In the subpoena duces tecum, Unum asked Fuller for all her billing
records, time sheets, invoices, notes, fee agreements, or other documentation
(including electronic records) reflecting the time Fuller spent relating to claims

---

[2] For a useful summary of the changes, see Gregory P. Joseph, "Major Changes in Federal
Subpoena Practice," 82 U.S.L.W. 584 (Oct. 22, 2013).

against Unum since 2001, divided into the following four categories: where Fuller was not disclosed as an expert witness; where she was disclosed as an expert witness; where she concluded that Unum acted reasonably and/or in good faith; and where she concluded that Unum acted unreasonably and/or in bad faith.  Subpoena Duces Tecum at 6, Document Requests A-D (ECF No. 1-1).  Unum also asked for all expert witness reports that Fuller has prepared since 2001 in two categories: where Fuller concluded that Unum acted reasonably and/or in good faith; and where Fuller concluded that any insurer acted reasonably and/or in good faith.  Id. Document Requests E-F.

Unum served the subpoena duces tecum on June 11, 2013.  Objections to Subpoena Duces Tecum (ECF No. 1-4).  Although Unum took Fuller's deposition in Boston on June 20, 2013, interestingly the subpoena duces tecum directed production of the records at its Portland lawyers' office on June 26, 2013.  Subpoena Duces Tecum at 1.  Neither Fuller nor Unum has furnished a transcript of the entire June 20 deposition and I therefore do not know what was said about the subpoena duces tecum at the deposition.  Apparently Fuller did not satisfy the subpoena duces tecum then, because the next day, June 21, Fuller objected to the subpoena duces tecum in a written response.[3]  Objections to Subpoena Duces Tecum.  On July 3, 2013, Unum filed in this District its motion to compel compliance.  Mot. to Compel.  (It appears that under governing caselaw Unum is not able to enforce its

---

[3] In the motion practice now before me, Fuller has apparently abandoned earlier arguments she made when first served with the subpoena, such as that it was invalid because signed by a lawyer admitted in Arizona, not Maine, and that the requested material is privileged.

subpoena duces tecum in the District of Arizona, but only in this Maine forum.[4]  The Ninth Circuit, of which the District of Arizona is part, has held that only the court that issued the subpoena, not the court where the underlying lawsuit is pending, can entertain a motion to quash or modify a subpoena.  SEC v. CMKM Diamonds, Inc., 656 F.3d 829, 832 (9th Cir. 2011).)  Neither the Arizona plaintiff nor Fuller sought any protective order in either Maine or Arizona and Fuller did not file any motion in this court until her response to Unum's motion to compel.  In responding to that motion, Fuller finally moved to quash, but the Arizona plaintiff has remained silent.[5]  The Magistrate Judge reasoned from an Advisory Committee comment to the 1991 revision of Rule 45 that this District has no role in the dispute, therefore denied the motion to compel compliance, and found the attendant motion to quash (and a motion to strike that it generated) moot.

## ANALYSIS

I conclude that this District does have authority to evaluate the merits of the Rule 45 motion, albeit mindfully of the structure of Rule 26.  It is unnecessary to elaborate on my reasoning for that conclusion, however, for I reach the same outcome as the Magistrate Judge (declining to enforce the

---

[4] I am not aware that Fuller ever consented to the Arizona forum's jurisdiction over her.  She has suggested in her opposition papers that Arizona is the proper place to decide the scope of discovery, but the Arizona forum's power goes only to the plaintiff.  Similarly my jurisdiction goes only to Fuller.  The reader can decide whether litigation gamesmanship is going on.

[5] I assume that the plaintiff's Arizona lawyers know what is going on here in Maine both because the plaintiff is likely on the hook (in the first instance) for all Fuller's time and attorney fees here, and because Unum's lawyers said at oral argument that the plaintiff's lawyers in Arizona told him he would have to go to Maine to enforce the subpoena.  But I observe that some of the cases hold that the party whose expert receives the subpoena duces tecum does not have standing to challenge the subpoena unless there is a privilege issue.  See, e.g., Newcomb v. Principal Mut. Life Ins. Co., 2008 WL 3539520, **1-2 (W.D. N.C. August 11, 2008); Greer v. Anglemeyer, 1996 WL 56557, *1 (N.D. Ind. January 5, 1996).

subpoena), and the text of the Rule is about to change dramatically in less than three weeks.  I turn, therefore, directly to the standards of Rule 45 and assess whether compliance with the subpoena duces tecum, in the language of Rule 45, "imposes an undue burden."  <u>See</u> Rule 45(c)(3)(A)(iv).  It is Fuller's obligation (a heavy burden according to <u>Horizons Titanium Corp. v. Norton Co.</u>, 290 F.2d 421, 425 (1st Cir. 1961)) to show "undue burden."

According to Unum's motion to compel:

> In an apparent attempt to blunt allegations of bias, Fuller claims that there are "two dozen" cases in which she was retained by a plaintiff in a bad faith case but did not end up testifying because she did not believe the insurer acted in bad faith.  (Ex. 3, Fuller Dep. 49:24-50:4.)  To substantiate the veracity of Fuller's claim and to get further insight into Fuller's potential bias as an expert, Unum served Fuller with a subpoena duces tecum on June 11, 2013.[6]  The document requests were narrow in scope. Unum asked Fuller to produce billing records, time sheets, and other documents that evidence the time she has spent working as an expert on bad faith cases against Unum. (Ex. 1, Subpoena at 6, Requests A through D.)  Unum also asked Fuller to produce the reports she created in the cases in which she found that the insurer acted reasonably or in good faith.  (*Id.* at 7, Requests E & F.)

Mot. to Compel at 2.  At the June 20 deposition Fuller testified that she did not issue reports in those cases where she found that the insurance company acted reasonably.  Fuller Dep. at 50-51 (ECF No. 6-1) ("Q. Were there occasions where you issued such a report in writing [after finding that an insurance company acted properly]? A. No.").  But Unum construes her testimony later in the deposition to support the proposition that Fuller has "billing records and invoices that would reflect how much time she spent on those matters."  Mot.

---

[6] Unum has not explained how, when it served the subpoena duces tecum on June 11, it knew already what Fuller would say at her June 20 deposition cited in the preceding sentence of this excerpt from Unum's motion.

to Compel at 2 (referring to Fuller's use of "'QuickBooks' software to track billing entries and create invoices for all matters in which she is retained as an expert.").

Concerning its request for expert witness reports (E & F), Unum says that Fuller's objection that the request is unduly burdensome "is curious given that she testified (the day before making her objection) that she did not create any expert witness reports in the 'two dozen' cases." Mot. to Compel at 9. What is more curious is that Unum is pursuing a request for such reports after Fuller's sworn testimony that there are none. Fuller Dep. at 50-51. Her lawyers continue to assert that there are no such documents in Fuller's response to Unum's motion. Opp'n to Mot. to Compel at 2, n.1 ("Paragraphs E and F of the subpoena demand every report Ms. Fuller has written in the past dozen years about any insurer she determined had acted "reasonably and/or in good faith." Because there are no such reports (see Fuller Affidavit at ¶ 19), any dispute about those demands is effectively moot."). Fuller also reasserts it in her affidavit of July 22, 2013, ¶ 19. I **DENY** the motion to compel on these requests, since sworn testimony states there is nothing to compel.

On the first four requests (A through D) designed to deal with alleged anti-Unum bias, I observe that Unum had full opportunity to question Fuller at the deposition about her bias, it has the fact that Unum laid Fuller off before she undertook her current career, it has the statistics of her favorable and unfavorable testimony in other cases, and it should have its own records from the previous cases where it was a defendant and Fuller testified. In the

subpoena duces tecum, Unum seeks in addition all of Fuller's time records (billing records, time sheets, invoices, notes, fee agreements, or other documentation including electronic records) in four categories:   cases where Fuller was disclosed as an expert; cases where she was not disclosed as an expert; cases where she concluded that Unum acted properly; and cases where she concluded that Unum acted improperly.   Unum's written argument on why it needs all these documents is surprisingly abbreviated, focusing more on its desire for information about the two dozen cases where Fuller says that she concluded there was no insurer misbehavior.[7]   Fuller has said by affidavit that,

---

[7] Unum's argument is as follows:
   1. <u>Billing Records and Other Documents Evidencing the Time Fuller Spent Working As An Expert In Unum Cases</u>.
      The first four documents requests are related. Each asks Fuller to produce billing records, time sheets, invoices, notes, fee agreements, or other documentation of the time she spent working as an expert in bad faith cases where Unum was a party. (Ex. 1, Subpoena at 6, items A through D.)   The documents are relevant both to Fuller's credibility and potential bias.
      Fuller testified that she has worked as an expert on "two dozen" cases in which she opined that the insurer acted in good faith.   The implication of her testimony is that she is unbiased (despite the fact that she has testified against the insurer in all 70+ instances she has been disclosed as an expert in bad faith cases).   Unum has a right to test the veracity of her claim.   Fuller initially stated that she does not have any documents relating to these "two dozen" cases in which she allegedly opined in favor of the insurer, but she later admitted to having billing records and invoices for those cases.   Fuller also indicated that such documents were easily retrievable using her QuickBooks software.   In light of this sworn testimony, her burdensomeness objections are without merit.
      Fuller also attempts to skirt responsibility for responding to the subpoena by citing the protections offered to consulting experts under Rule 26(b)(4)(D).   But that rule does not apply here because Fuller has been identified as a testifying expert, not a consulting expert.   And in her capacity as a testifying expert, Fuller has made several unsubstantiated claims.   Unum is merely seeking evidence to verify statements Fuller has made under oath.   The courts have long recognized the importance of a party's ability to impeach the credibility of an expert.   <u>See</u> Fed. R. Evid. 611(b) (cross-examination may focus on any matters affecting the credibility of a witness); <u>see also</u> <u>Nickerson v. State Farm Ins. Co.</u>, No. 5:10CV105, 2011 WL 5119542, *3 (N.D.W. Va. Oct. 27, 2011) ("It is not a novel concept to impeach an expert witness based upon possible bias toward the party hiring the expert"); <u>United States. v. City of Torrance</u>, 163 F.R.D 590, 592 (C.D. Cal. 1995) (stating that the Rules "permit[] the discovery of information which 'may simply relate to the credibility of a witness or other

*(continued next page)*

except for cases where she has been deposed (about 75 out of about 360 in which she has been hired), her records do not "allow [her] to distinguish between cases in which [she] was disclosed as an expert witness and cases in which [she] was not disclosed as an expert witness," that she is "not always aware of precisely what the lawyers who have hired [her] disclose to opposing counsel about [her] role in a case," Fuller Aff. ¶ 24, and that nothing in her QuickBooks and other records distinguish between cases where she found that an insurer acted properly and cases where she found that it acted improperly, id. ¶ 23. Fuller estimates the time that it would take to review all her cases to provide the requested information, and it is many scores of hours. Id. ¶¶ 23, 24. Unum is able to demonstrate that some, but not all, of that time would be unnecessary to respond to its requests, but I conclude that the remaining time that Fuller still would have to spend to satisfy Categories A through D is unduly burdensome, given the other evidence of bias that Unum can use and

---

evidence in the case'") (emphasis in original). If testifying experts are allowed to use Rule 26(b)(4) as a shield against impeachment related discovery, an opposing party's ability to effectively cross-examine would be thwarted.

2. <u>Expert Witness Reports Where Fuller Concluded That the Insurer Acted Reasonably or in Good Faith.</u>

The last two document requests ask Fuller to produce any reports she prepared in the "two dozen" cases in which she concluded that the insurance company acted reasonably or in good faith. Fuller objected that the request was unduly burdensome. Her objection is curious given that she testified (the day before making her objection) that she did not create any expert witness reports in the "two dozen" cases. (Ex. 3, Fuller Dep. 49:24-50:17.) It appears that Fuller is just making objections for the sake of objecting. Unum has a right to receive a response to its document request, even if that response is that no such documents exist. The Court should not tolerate Fuller's gamesmanship.

Mot. to Compel at 8-9. In its reply it cites cases saying that an expert's comparative record is a legitimate subject of inquiry, Reply in Support of Mot. to Compel at 7 (ECF No. 6), but Unum already has that information.

the remote likelihood that these materials would lead to the discovery of admissible evidence.

Consequently I **AFFIRM** the Magistrate Judge's decision, albeit on different grounds, and **DENY** the defendants' motion to compel compliance.  As a result, I also agree with the Magistrate Judge that Fuller's motion to quash and the insurance companies' motion to strike are **MOOT**.

**SO ORDERED.**

**DATED THIS 8TH DAY OF NOVEMBER, 2013**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**